UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE OGANDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MEGAN NATAL, et al.,<br><br>    Defendants. | Case No. 23-cv-02221-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Plaintiffs, a former Orinda Intermediate School Student, N.B. through his guardian ad litem, and his parents, bring this action against the Orinda Unified School District and four school officials for numerous claims stemming from a fight at school resulting in N.B.'s suspension. Defendants' motion to dismiss is now before the Court. (Dkt. No. 14.[1]) After carefully considering the briefing the Court concludes oral argument is unnecessary and VACATES the November 30, 2023 hearing. *See* N.D. Cal. Civ. L.R. 7-1(b). As Plaintiffs have not alleged facts that plausibly state a claim, the motion to dismiss is granted with leave to amend for most claims.

## BACKGROUND

### A. Complaint Allegations

N.B. attended Orinda Intermediate School during the 2021-2022 school year. (Dkt. No. 1 ¶ 2.) On May 6, 2022, N.B. was "attack[ed]" by a "gang of bullies" while playing basketball in retaliation for an earlier incident involving N.B.'s older brother. (*Id.* at ¶¶ 25-27.) N.B.'s attackers videotaped the incident. (*Id.* at ¶ 30.) N.B.'s parents were not notified of the incident until N.B.'s father, John Martinez, went to pick up his children after school and learned they were

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

in the principal's office. (*Id.* at ¶¶ 35-39.) At which point, Vice Principal Megan Natal advised Mr. Martinez N.B. was being suspended because "he was in a verbal argument and in a fight." (*Id.* at ¶ 39.) Although Ms. Natal stated she had a video of the incident, she refused to let Mr. Martinez see it. (*Id.*) Ms. Natal later filed a false and misleading suspension report stating N.B. was in "a verbal altercation with another student. [N.B.] picked up and slammed the other student on the ground in a wrestling like manner." (*Id.* at ¶ 42.) Ms. Natal made these false statements because "[N.B.] is a male with a Hispanic surname." (*Id.* at ¶ 43.) None of the other students involved in the incident were suspended because the District did not want to lose donations from the families of those involved. (*Id.* at ¶ 57.)

N.B.'s mother, Janine Ogando, appealed the wrongful suspension by email to Superintendent Glimme. (*Id.* at ¶ 45.) Because Superintendent Glimme is "prejudiced/biased against Hispanics," she responded the suspension was justified. (*Id.* at ¶ 46.) School counselor Carrie Nerheim also encouraged Plaintiffs to file an appeal in "bad faith" which she later denied as untimely. (*Id.* at ¶ 47.)

Before the 2022-2023 school year, Mr. Martinez and N.B. went to the Orinda Unified School District office to discuss safety concerns with Superintendent Glimme. (*Id.* at ¶ 48.) "Superintendent Glimme responded, 'This is an affluent white area, there are no Nortenos or Morenos at OIS.' Superintendent Glimme failed to mention other races, religions, or types of gangs dismissing [P]laintiffs' concern, demonstrating her racial bias and preconceived decision about [P]laintiffs and Hispanics in general as well confirming the discrimination against [P]laintiff minor N.B." (*Id.*)

So, because of unaddressed safety concerns, N.B.'s parents informed the school in writing he would no longer attend Orinda Intermediate and instead would study at home. (*Id.* at ¶¶ 50-51.) The school nonetheless repeatedly contacted N.B.'s parents to report his absences. (*Id.* at ¶ 52.) On September 21, 2022, Vice Principal Giron sent "[P]laintiffs a threatening truancy letter." (*Id.* at ¶ 53.) This letter "caused extreme stress, anxiety and worry to [P]laintiffs, which added to the ongoing stress they had been suffering since [N.B.'s attack] on May 6, 2023." (*Id.* at ¶ 54.)

//

**B. Procedural Background**

Plaintiffs Janine Ogando, John Martinez, and their minor son, N.B., filed this suit on May, 5th 2023, against the District; Megan Natal as a Vice Principal and as an individual; Aida Glimme as a Superintendent and as an individual; Dr. Carrie Nerheim as a Counselor and as an individual; and Bruce Giron as a Vice Principal and as an individual.  Ms. Ogando and Mr. Martinez appear to bring claims on their own behalf.

Plaintiffs allege 23 claims for relief including: (1) violating Plaintiffs' Fourteenth Amendment rights; (2) violating the Equal Protection Clause; (3) due process violations; (4) disparate treatment under the California Constitution; (5) discrimination in violation of the California Constitution; (5) due process violations, discrimination, and disparate treatment by violating the California Education Code; (6) violations of California Education Code § 234; (7) retaliation in violation of California Education Code § 234; (8) violating California Education Code 234; (9) denial of equal access pursuant to California Government Code § 11135; (10) discrimination in violation of school district policy; (11) violating Education Code § 48900; (12) violating Education Code § 48900.5; (13) violating school district policy § 5131.2 on bullying; (14) violating school district policy § 3290 on donations; (15) violating school district policy § 5142 by negligent supervision; (16) violating California Education Code 49079; (17) retaliation in violation of Title VI; (18) failure to train pursuant to 42 U.S.C. § 1983; (19) intentional infliction of emotional distress; (20) negligence; (21); breach of the duty of care; (22) breach of the duty to provide adequate supervision; and (23) breach of a good faith obligation.  The Complaint does not specify which claims are brought against which Defendants.

Defendants timely requested and were granted an extension to respond to the Complaint. (Dkt. Nos. 7, 9.)  Defendants thereafter moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 14.)  Plaintiffs opposed arguing, among other things, Defendants waived the right to move to dismiss because they received an extension of time to file their answer—not a dispositive motion.  (Dkt. No. 16 at 2.)  However, Defendants sought an extension to file a "responsive pleading." (Dkt. No. 7 at 3; Dkt. No. 9.)  A motion to dismiss is a responsive pleading.  The Court therefore considers Defendants' motion to dismiss.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A plaintiff may "plead[ ] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

**DISCUSSION**

Defendants move to dismiss Plaintiffs' claims on the following grounds: (1) claims arising under California law should be dismissed for not complying with the California Government Claims Act[2]; (2) claims brought under 42 U.S.C. § 1983 against the District and individual

---

[2] The California Supreme Court refers to these requirements as the "Government Claims Act" to avoid the confusion engendered by the informal short title "Tort Claims Act." *City of Stockton v.*

4

1  defendants in their official capacity are barred by the Eleventh Amendment; (3) claims brought

2  under 42 U.S.C. § 1983 against individual defendants in their personal capacity fail to state a

3  claim; (4) the individual defendants cannot be sued under Title VI; and (5) the Title VI claim

4  against the District fails to state a claim.

**I. State Law Claims (Claims 3-16 and 19-23)**

Claims 3-16 and 19-23 allege claims against all Defendants under state law.  Defendants move to dismiss Plaintiffs' state claims for failure to comply with the California Government Claims Act.

**A. California Government Claims Act**

Under the California Government Claims Act, plaintiffs cannot sue a public entity, or a public employee, for "money or damages" until they have presented the "claim" to that entity, and the entity has either acted upon or rejected the claim.  Cal. Gov. Code §§ 905.2, 945.4.  A plaintiff must satisfy the Government Claims Act even when "the public entity[] [has] actual knowledge of the circumstances surrounding the claim." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007).  Compliance with this requirement constitutes an element of a cause of action for damages against a public entity or official.  *State v. Sup. Ct. (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to [dismissal] for failure to state a cause of action." *Id.* at 1239.  Additionally, a suit against a public employee for actions taken within the scope of their employment is barred if the suit against the public entity would be barred by the Government Claims Act.  *See* Cal. Gov't. Code §§ 950, 950.2.  The Government Claims Act bars Plaintiffs' state law claims because (1) Plaintiffs have failed to properly present their claim, and (2) no exception applies.

First, drawing all reasonable inferences from the allegations in Plaintiffs' favor, Plaintiffs did not substantially comply with the Government Claims Act.  Plaintiffs do not allege they filed a claim in accordance with the Claims Act, and the Complaint in this action cannot satisfy the claim

---

*Superior Ct.*, 42 Cal. 4th 730, 734 (2007).  The Court will follow that practice as well.

presentation requirement as a matter of law. *See Stromberg, Inc. v. Los Angeles County Flood Control Dist.*, 270 Cal.App.2d 759, 765-766 (1969) (stating filing a complaint is insufficient to comply with the claim presentation requirements). Plaintiffs' argument Defendants "had notice of the claims as well as the opportunity to do the right thing" based on pre-litigation communication fares no better. (Dkt. No. 14 at 4.) "Even if the public entity has actual knowledge of facts that might support a claim, the claims statute still must be satisfied." *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal.4th 983, 990 (2012) (discussing claim presentation requirements including § 915(a) which states: "A claim ... shall be presented to a local public entity by either of the following means: [¶] (1) Delivering it to the clerk, secretary, or auditor thereof. [¶] (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office"); *see also Dilts v. Cantua Elementary School Dist.*, 189 Cal.App.3d 27, 35-36 (1987) (reasoning allowing a series of writings to collectively be considered a claim would make the Government Claims Act "unworkable."). So, Plaintiffs have not alleged facts that plausibly support an inference of compliance with the presentation requirement.

Second, Plaintiffs have not alleged facts that support an inference their state law claims fall within the Government Claims Act exception for claims primarily aimed at equitable rather than monetary relief. "The [Government] Claims Act generally applies only to claims for money or damages, and not to actions for declaratory relief. This exception does not apply, however, where the demand for nonmonetary relief is merely incidental or ancillary to a prayer for damages." *Hart v. Alameda County*, 76 Cal.App.4th 766, 782 (1999) (citing *Loehr v. Ventura County Community College Dist.*, 147 Cal.App.3d 1071, 1079 (1983)). Plaintiffs' insistence their state law claims are primarily equitable is contradicted by their explicit request for damages in 14 of their 19 state claims, and their demand for one million dollars in damages. (Dkt. No 1 ¶¶ 90, 101, 102, 116, 118, 135, 167, 188, 193, 198, 213, 237-239, 247, 259, 267, 273; Dkt. No. 1-3 at 1.) Only the eleventh cause of action requests a non-monetary remedy, and it does so by "seek[ing] damages, *including* striking said wrongful suspension from [N.B.]'s education record." (Dkt. No. 1 ¶ 167 (emphasis added).) So, Plaintiffs' claims are not exempt from the Government Claims Act as the primary purpose of this lawsuit is damages. *See Loehr*, 147 Cal.App.3d at 1081

6

1  (requiring claim presentation where the plaintiff was seeking declaratory relief incidental to
2  damages).

3        Finally, Plaintiffs' "late claim relief" argument is unavailing.  They cite to *Bettencourt v.*
4  *Los Rios Cmty. Coll. Dist.*, 42 Cal. 3d 270, 275 (1986), which discusses the procedure for
5  challenging a public entity's denial of a written application to file a late claim under Cal. Gov't
6  Code §§ 911.6 and 946.6.  Plaintiffs, however, have not alleged they attempted to present a late
7  claim to the District under Section 911.6 such that the process set forth in Section 946.6 applies.
8  And, in any event, the statute requires petitioning a superior court to allow a late claim.  There is
9  no allegation, or even argument, Plaintiffs have done so.

10        In sum, the California Government Claims Act bars Plaintiffs' state law claims because
11  they have not met the presentation prerequisites to filing an action for damages.  Plaintiffs state
12  law claims (Claims 3-16 and 19-23) must therefore be dismissed.

13      **II.**    **Federal Claims (Claims: 1, 2, 17 and 18)**

14        **A.  Section 1983 Claims**

15        Plaintiffs' first, second, and eighteenth claims allege violations of Plaintiffs' Fourteenth
16  Amendment due process and equal protection rights.  (Dkt. No. 1 at 13-16, 38-40.)  While not
17  explicitly pled, 42 U.S.C. § 1983 is the procedural vehicle by which Plaintiffs' constitutional
18  claims must be brought.  *See Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (1992)
19  ("[L]itigant[s] complaining of a violation of constitutional rights must utilize 42 U.S.C. § 1983.").

20        Defendants contend (1) the District and individual official-capacity Defendants cannot be
21  sued under Section 1983, and (2) the claims against the individual defendants are insufficiently
22  pled.  While Plaintiffs' first claim for "discrimination" in violation of the Fourteenth Amendment
23  is brought as to the District, Natal, Glimme, and Nerheim, it is unclear against which Defendants
24  the second (equal protection) and eighteenth (equal protection/failure to train) claims are brought,
25  and whether the claims are against Defendants in their official and/or personal capacities.  This
26  Order assumes they are brought as to all Defendants in their official and personal capacities.
27  //
28

### 1. Claims Against the District and Individual Defendants in Official Capacities

The District and individual defendants sued in their official capacities are immune from damages liability under Section 1983. California school districts are "arms of the state and cannot face suit." *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 926 (9th Cir. 2017). The Eleventh Amendment also bars actions for damages brought against state officials in their official capacity. *See Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1995) (noting a school superintendent sued in his official capacity is entitled to immunity pursuant to the Eleventh Amendment); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). Plaintiffs' insistence the Eleventh Amendment does not bar federal claims for damages is incorrect. *See, e.g., Sato*, 861 F.3d at 927, 934 (affirming dismissal of Section 1983 claim against school district on Eleventh Amendment grounds). So is their unsupported contention the State somehow waived an Eleventh Amendment defense by receiving the complaint. As no amendment could cure this defect, the damages claims against the District and the individual defendants sued in their official capacity are dismissed without leave to amend. *See Lopez*, 203 F.3d at 1129.

### 2. Claims Against Individual Defendants in their Personal Capacity

To the extent Plaintiffs also bring the Section 1983 claims against the individual defendants in their personal capacities, the claims are inadequately pled.

Section 1983 "do[es] not support vicarious liability." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). "To state a valid § 1983 claim, 'a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676). So, Plaintiffs must clearly identify who is being sued for which claims, the factual basis underlying the claims, and for what relief. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995); *see also In re Sagent Technology, Inc. Derivative Litigation*, 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) (stating a complaint must identify "which individual defendant or defendants were responsible for which alleged wrongful

8

act."). Defendants insist no federal claim against any individual defendant is sufficiently pled. The Court agrees.

### a)  Bruce Giron

Plaintiffs have not alleged facts which support a Section 1983 claim against Bruce Giron, Orinda School District Vice Principal. Despite being informed N.B. would no longer attend school, Mr. Giron is alleged to have sent a "threatening truancy letter" at the start of the 2022-2023 school year. (Dkt. No. 1 ¶ 53.) But Plaintiffs' equal protection claim and failure to train claims are based on the District's suspension of N.B. during the 2021-2022 school year, not on actions allegedly taken at the start of the 2022-23 school year. (*Id.* at ¶¶ 81-84, 224-226.) Further, Plaintiffs' opposition does not identify *any* complaint allegations, let alone allegations which plausibly support an inference Giron treated Plaintiff differently based on his membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

### b)  Carrie Nerheim

Plaintiffs have not alleged facts which support a Section 1983 claim based on discrimination, denial of equal protection, or failure to train as to Dr. Carrie Nerheim, a school counselor at Orinda Intermediate School. They allege Dr. Nerheim advised Plaintiffs to file an appeal in "bad faith" and "retaliated against plaintiffs." (Dkt. No. 1 ¶¶ 47, 70.) These conclusory allegations do not support a plausible inference Dr. Nerheim violated Plaintiffs' Fourteenth Amendment rights, and Plaintiffs' opposition does not address the issue. *Furnace*, 705 F.3d at 1030.

### c)  Megan Natal

Plaintiffs have similarly not alleged facts sufficient to support a Section 1983 claim against Vice Principal Natal. Plaintiffs allege Ms. Natal suspended N.B. "[i]n a deliberate attempt to avoid the financial repercussions which would come with suspending an entire gang and addressing the bullying gang problem at OIS, DEFENDANT NATAL decided to charge and

suspend the plaintiff minor N.B. with a Hispanic surname, notwithstanding the video evidence confirming he was attacked and acted in self-defense." (Dkt. No. 1 ¶ 38.) These allegations do not support a plausible inference Ms. Natal intentionally discriminated against N.B. based on his membership in a protected class. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998) ("We have held that § 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent."). Nor have Plaintiffs plausibly alleged an equal protection claim based on a theory that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding to state an equal protection claim under this theory, a plaintiff must allege: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.). Again, Plaintiffs' opposition does not identify any factual allegations, let alone factual allegations that support a plausible inference Vice Principal Natal engaged in unconstitutional conduct.

### d) Aida Glimme

Finally, Plaintiffs have not alleged facts sufficient to support a Section 1983 claim against Superintendent Glimme. Plaintiffs allege Ms. Glimme "is prejudiced/biased against Hispanics and plaintiff N.B. has a Hispanic surname, as she later confirmed in a conversation." (Dkt. No. 1 ¶ 46.) It is unclear what conversation this refers to, and Plaintiffs' opposition does not identify any complaint allegations. The only other conversation alleged in the complaint occurred at the beginning of the 2022-23 school year when Plaintiffs met with Ms. Glimme to discuss school safety and she said: "There are no Nortenos or Morenos here at [Orinda Intermediate School]." (*Id.* at ¶ 48.) Plaintiffs do not explain how this remark plausibly supports an inference N.B. was given the one day at-school suspension because of his race.

\*\*\*

In sum, the District and individual defendants in their official capacities cannot be sued under Section 1983, and the claims against the individual defendants in their personal capacities

1   are insufficiently pled.  Accordingly, Plaintiffs' Section 1983 claims are dismissed.  The personal
2   capacity claims are dismissed with leave to amend.  *See Breier v. N. Cal. Bowling Proprietors'*
3   *Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) (stating leave to amend must be granted if the complaint
4   can possibly be saved).

### B. Title VI

Plaintiffs' seventeenth claim alleges violations of Title VI, 42 U.S.C. § 2000, et seq.  Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000(d).  "To state a claim for damages under 42 U.S.C. § 2000d, et seq., a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."  *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).  A plaintiff must further allege the discrimination was intentional.  *Schmitt v. Kaiser Foundation Health Plan of Washington*, 965 F.3d 945, 953–54 (9th Cir. 2020) (citing *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001)). To show intentional discrimination, a plaintiff "must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class."  *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009) (citation omitted).

As a threshold matter, individual defendants cannot be sued under Title VI.  Title VI forbids discrimination by any "program or activity" receiving federal funding.  42 U.S.C. § 2000(d).  So, "the text of Title VI also precludes liability against those who do not receive federal funding, including individuals."  *Shotz v. City of Plantation*, 334 F.3d 1161, 1169-70, n.11 (11th Cir. 2003); *see also Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996) ("Plaintiff's [Title VI] claim also fails because she asserts her claim against [individual plaintiffs] and not against the school, the entity allegedly receiving the financial assistance."); *Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 944 (D. Idaho 2014) (finding individuals are not liable

11

under Title VI because individuals do not receive federal financial assistance) *aff'd on other grounds*, 667 F. App'x 241 (9th Cir. 2016). Accordingly, to the extent Plaintiffs allege Title VI claims against the individual defendants, they must be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1129 (9th Cir. 2000) ("[C]ourts are only required to grant leave to amend if a complaint can possibly be saved.").

Plaintiffs did not respond to Defendants' motion to dismiss the Title VI claim against the District; in any event, it fails for the same reasons their Section 1983 claims fail—Plaintiffs' conclusory allegations fail to plausibly allege intentional discrimination based on race. So, these claims are dismissed with leave to amend. *Id.*

### C. Proper Plaintiffs

Finally, Defendants contend Mr. Martinez and Ms. Ogando have not alleged a violation of their own constitutional rights as opposed to those of N.B. "[C]onstitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). If Mr. Martinez and Ms. Ogando seek to bring these claims on behalf of themselves, they have not adequately alleged a violation of their constitutional rights as opposed to those of N.B. Indeed, their opposition does not address this issue.

## CONCLUSION

For the reasons stated above, the motion to dismiss (Dkt. No. 14) is GRANTED as follows:

- The state law claims are dismissed for failure to comply with the Government Claims Act. The dismissal is with leave to amend if Plaintiffs can in good faith allege compliance or an exception to the compliance requirement.
- The Section 1983 claims seeking damages against the District and the individual defendants in their official capacities are dismissed without leave to amend pursuant to the Eleventh Amendment.
- The Section 1983 claims against Defendants in their individual capacities are dismissed with leave to amend. Plaintiffs have not alleged facts that plausibly support an inference of a constitutional violation.

- The Title VI claims against the individual defendants are dismissed without leave to amend. There is no private right of action against individual defendants under that statute.
- The Title VI claims against the District are dismissed with leave to amend for the same reasons as the Section 1983 claims against the individual defendants.

Any amended complaint must be filed by **January 4, 2024**. Any amended complaint shall clearly set forth each claim for relief, on whose behalf it is brought, and who it is brought against. Plaintiffs may not add claims or parties without leave of court.

The Court VACATES the November 30, 2023 initial status conference. Having reviewed the parties' joint case management conference statement, the Court is prepared to refer the parties for an early magistrate judge settlement conference. If the parties are interested in such a referral, they shall jointly notify the Court by letter by December 6, 2023.

Defendants' administrative motion for an extension of time to respond to discovery is DENIED as moot in light of Plaintiffs' subsequent filing indicating they granted Defendants a two-week extension of time to respond. (Dkt. Nos. 33, 34.)

This order disposes of Dkt. Nos. 14, 33.

**IT IS SO ORDERED.**

Dated: November 27, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

13